

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James M. Crane
District Attorney
9th Judicial District
Conroe, Texas

Dear Sir:

Opinion No. O-4983
Re: District Judge has authority
to appoint special auditor
to audit county's affairs.

Your request for opinion has been received and carefully considered. We quote from your request as follows:

"– STATEMENT –

"The Grand Jury for the February Term of the Special Ninth District Court of Montgomery County, Texas, after an exhaustive and thorough investigation and examination of the books, records, funds and accounts of the Justice of the Peace of Precinct #7, said county, and after investigating the reports of said Justice to the County Auditor, and after examining and investigating the county auditor's reports of his periodical examination of said Justice's records, books, et cetera, kept by said Justice, it indicted said Justice in five (5) separate cases for misapplication of public funds, under authority of Article 95 Penal Code of Texas. As an outgrowth of said examination, said Grand Jury indicted the former Sheriff of said county in one case.

"The Grand Jury in it's final report to the Court, requested that he immediately order an audit of all the books, records and accounts of all the county officials, by an independent auditor.

Honorable James M. Crane, Page 2

"- QUESTION -

"Does the District Judge of said District Court have authority to appoint such an auditor, or order such independent audit or accountant to audit said records, books and accounts of the officials of said County?

". . . ."

The population of Montgomery County, Texas, according to the 1940 Federal Census, is less than 25,000 inhabitants.

Article 1646a, Vernon's Annotated Texas Civil Statutes, reads as follows:

"County auditors.--The Commissioners' Court of any county under twenty-five thousand population according to the last United States census may make an arrangement or agreement with one or more other counties whereby all counties, parties to the arrangement, may jointly employ and compensate a special auditor or auditors for the purposes specified in Articles 1645 and 1646. The county commissioners' court of every county effected by this article may have an audit made of all the books of the county, or any of them, at any time they may desire whether such arrangements can be made with other counties or not; provided the district judge or grand jury may order said audit if either so desires." (Acts 1925, p. 220.) (36th Leg. ch. 67, § 1). (Underscoring ours).

It is our opinion that your question should be answered in the affirmative and it is so answered. See opinions Nos. O-1137 and O-4988 of this department, copies of which are enclosed herewith.

Very truly yours

APPROVED MAR 9, 1943.

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp
Encl.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN